**David H. Griggs, OSB No. 982436**
e-mail: david@griggslawpc.com
GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Telephone: (971) 228-8110
Fax: (971) 327-6735

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANIEL McCLELLAN,** | ) Case No.: 3:18-cv-00867 |
| Plaintiff, | ) **COMPLAINT** |
| vs. | ) (Americans with Disabilities Act – 42 U.S.C. § 12101 et seq.; Discrimination on the Basis of a Disability – ORS 659A.112 et seq.; Retaliation – ORS 659A.030(1)(f)) |
| **CITY OF HILLSBORO,** | ) |
| Defendant. | ) **JURY TRIAL REQUESTED** |
| | ) **PRAYER AMOUNT: $410,000** |

## <u>NATURE OF THE ACTION</u>

1.

Plaintiff Daniel McClellan was an excellent employee for Defendant City of Hillsboro in the Parks and Recreation Department for sixteen years. Plaintiff maintained the city's water fountains and helped improve them over time. He loved his job serving the citizens of Hillsboro in their city parks. Due to severe childhood abuse, Plaintiff also suffered from severe post-traumatic stress disorder ("PTSD"), and other disorders. Defendant was aware was suffering because Plaintiff discussed it with supervisors and managers. Plaintiff experienced triggering

1 – COMPLAINT

events while at work and reported the events and his reactions to them. One of Plaintiff's

supervisors who was well aware of Plaintiff's PTSD and the triggers for it, isolated Plaintiff in a

conference room for five hours, berated, harassed, and yelled at Plaintiff. Plaintiff reported the

incident, but rather than address the abusive behavior and accommodate Plaintiff's disabilities,

Defendant reprimanded Plaintiff. Due to his extreme emotional distress as a result of

Defendant's actions, and with no help being offered, Plaintiff was left with no reasonable

opportunity to but leave the job he loved.  This is an action for discrimination, harassment, and

retaliation on the basis of disability to vindicate Plaintiff's rights.


## PARTIES & JURISDICTION

### 2.

Plaintiff Daniel McClellan ("Plaintiff") is an individual and a resident of Oregon

### 3.

Defendant City of Hillsboro ("Defendant") is an incorporated governmental entity

located in the State of Oregon, in the County of Washington.

## PROCEDURAL REQUIREMENTS

### 4.

Plaintiff provided tort claim notice of his claims against Defendant on or about October

24, 2016.  Plaintiff filed a formal complaint of disability discrimination with the Oregon Bureau

of Labor and Industries (hereafter "BOLI") on February 16, 2017, which was co-filed with the

United States Equal Employment Opportunity Commission (hereafter "EEOC").

/ / /

/ / /


2 – COMPLAINT

5.

BOLI issued Plaintiff a Notice of Right to File a Civil Suit on February 16, 2018, which provided Plaintiff with ninety (90) days to file suit.  Plaintiff's BOLI complaint encompassed the types of claims now asserted in this Lawsuit, and Plaintiff filed this Lawsuit within the 90 days from the date of the right to sue letter.

6.

The EEOC issued Plaintiff a Dismissal and Notice of Rights on February 28, 2018, which provided Plaintiff ninety (90) days to file suit. Plaintiff's co-filed EEOC complaint encompassed the types of claims now asserted in this Lawsuit, and Plaintiff filed this Lawsuit within the 90 days from the date of the right to sue letter.

7.

This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331 and 1343, federal question and civil rights jurisdiction.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's state law claims because they arise from the same case or controversy and nucleus of operative fact as the federal claims.

8.

Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims arose in the District of Oregon.

## **FACTS**

1.

Plaintiff began working for Defendant, in the Parks and Recreation Department, in 2000.

/ / /

/ / /

/ / /

3 – COMPLAINT

2.

Plaintiff spent the decade leading up to his termination primarily maintaining the city's water fountains, as well as other duties as delegated, such as turf care. Throughout his time working for Defendant, Plaintiff performed nearly every function of park maintenance.

3.

During his employment, Plaintiff was instrumental in developing and maintaining the water fountain system, including updates and improvements.

4.

In the spring of 2014, Plaintiff and a co-worker were mowing Orchard Park under the supervision of Mr. Long. Mr. Long berated the co-worker extensively for helping Plaintiff. Mr. Long brought the co-worker to tears. After that, Mr. Long began yelling at and berating Plaintiff as well.

5.

Back at the office, Plaintiff and the co-worker detailed the abuse by Mr. Long to Superintendent Steve Heldt.

6.

On information and believe, Mr. Long was not disciplined for his actions in this event.

7.

In the summer of 2015, Defendant assigned a seasonal worker to assist Plaintiff at Orchard Park. One day, Plaintiff unexpectedly encountered the seasonal worker masturbating in a storage room.

/ / /

/ / /

4 – COMPLAINT

8.

This masturbation incident triggered Plaintiff's post-traumatic stress disorder ("PTSD"). It was exasperated by the small enclosed space that was also a trigger for Plaintiff's PTSD.

9.

Plaintiff reported the masturbation incident, and the ensuing panic attack, to Mr. Long and Mr. Heldt. Neither Mr. Long nor Mr. Heldt took any action and required Plaintiff to continue working with the seasonal worker for the next week.

10.

In fall of 2015, Mr. Dave White, another supervisor, asked Plaintiff to clean up some lumber that had been left in a parking space at one of Defendant's facilities. Mr. White became enraged at Plaintiff during that project. Mr. White began yelling at Plaintiff and taunting him by repeating his name in a demeaning manner. Mr. White began following Plaintiff while Plaintiff was attempting to leave the situation, and Mr. White asked Plaintiff if he wanted to "kick his ass". This brought Plaintiff to tears because of the stress. Plaintiff pleaded with Mr. White to leave him alone because he was getting too emotional. Mr. White finally relented and told Plaintiff to report to his cubicle if he calmed down.

11.

After this incident, Plaintiff went to Mr. White to apologize for becoming so strongly affected, but to also explain that he had severe emotional issues. Mr. White asked about Plaintiff's childhood, and after some discussion of what occurred to Plaintiff, Mr. White concluded that Plaintiff had PTSD. Mr. White suggested that Plaintiff receive professional counselling.

/ / /

5 – COMPLAINT

12.

Shortly thereafter, Plaintiff started to receive professional counselling services. After the first session, Mr. White asked Plaintiff how it went. Plaintiff informed Mr. White that Plaintiff had extreme PTSD, extreme depression, and Stockholm syndrome. Plaintiff also divulged several of the experiences that traumatized Plaintiff.

13.

Plaintiff's supervisor, Mr. Long, told Plaintiff he had been arrested for choking his son. That revelation caused Plaintiff's PTSD to be triggered.  In November 2015, Plaintiff transferred from Mr. Long's direct supervision to Mr. White's direct supervision.

14.

In May 2016, Plaintiff was working to set up the new fountain at Orenco Station. Plaintiff discovered that the water pump was faulty, and that the pump would need replacement. Plaintiff requested authorization to purchase a new pump from Mr. White. Mr. White denied the request, which would prevent the new fountain from being operational as scheduled.

15.

After Mr. White denied the request, Plaintiff became concerned that the fountain would not be operational. So, Plaintiff approached Mr. David Reynolds, the aquatics supervisor, about the pump, as Mr. Reynolds was much more familiar with the operation and necessity of the pumps.

16.

Mr. Reynolds agreed with Plaintiff's assessment. Mr. Reynolds spoke with the Recreation Center Manager, Ms. Paula Rose, about the need for a new pump.

/ / /

6 – COMPLAINT

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735

17.

The following day, on May 26, 2016, Plaintiff attended an early morning meeting with Mr. White and another supervisor, Mr. Chuck Heisler. During the meeting, Mr. White received a phone call from Ms. Rose. While on the call, Mr. White began making mocking gestures. Eventually, Mr. White became incensed, his face turned red, and he became visibly angry. It was clear the conversation was about the pump Plaintiff requested.

18.

Once the call concluded, Mr. White furiously yelled at Plaintiff, saying "Let's go! That's it! Let's go!" Mr. White motioned for Plaintiff to following him into the conference room. Plaintiff was uncomfortable being in a small room with a clearly enraged Mr. White. Mr. Heisler joined them.

19.

Once in the conference room, Mr. White yelled at and berated Plaintiff for hours. During this time, Mr. White used information that Plaintiff had previously shared regarding his disorders to further harass and berate Plaintiff.  Mr. White intentionally attempted to trigger Plaintiff's disabilities. Mr. Heisler sat in the room and did nothing. Plaintiff pleaded with Mr. White to stop, but Mr. White did not.  Mr. White told Plaintiff he wanted to "pop his head like a zit." After hours, Plaintiff asked to use the restroom, as he desperately needed to go. Mr. White denied the request and told Plaintiff "I want to watch you piss your pants." Plaintiff ignored the denial of his request and used the restroom, risking disciplinary action. By this time, it was after noon. Plaintiff returned, and the harassing and berating continued. The stress was so intense that it caused Plaintiff to black out at times. Plaintiff did not receive a lunch break. Plaintiff reported these events to Mr. Heldt.

7 – COMPLAINT

20.

Several days later, Plaintiff was working on fertilizing vegetation at Orchard Park. At approximately 9:55 a.m., Mr. White called Plaintiff and angrily demanded to know why the fountain at 53rd Street was not turned on. Plaintiff reminded Mr. White that he ordered the start time for the fountain to be changed from 9:00 a.m. to 10:00 a.m. Rather than apologize for the error, Mr. White yelled at Plaintiff and hung up on him, triggering Plaintiff's disabilities. Plaintiff reported these events to Mr. Heldt.

21.

In early June 2016, Plaintiff meet with human resources. Human resources decided to reprimand Plaintiff for allegedly threatening Mr. White and Mr. Heisler during the May 26 conference room incident when Plaintiff was suffering a severe PTSD episode. Plaintiff informed human resources and Mr. Heldt about his PTSD and the events that were triggering it. Plaintiff was extremely distressed that he was going to be disciplined

22.

Upon returning to work, Plaintiff requested a reasonable accommodation for his disabilities that he no longer work under Mr. White's supervision. Plaintiff was able to complete the job duties of the position but working under Mr. White would cause him great harm. Mr. Heldt denied the requested accommodation. Human resources management reminded Plaintiff that he was going to be disciplined for the conference room incident.

23.

This renewed hostility, now also from human resources, and Defendant's complete unwillingness to accommodate Plaintiff's disability caused Plaintiff severe emotional distress

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735

and triggered his PTSD. Plaintiff loved his job but felt he had no reasonable alternative but to leave employment. Defendant effectively forced Plaintiff to resign.

## FIRST CLAIM FOR RELIEF

**(Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.)**

**Count One—Adverse Action**

24.

Plaintiff realleges and incorporates all relevant paragraphs as if fully set forth herein.

25.

Defendant is an "employer" within the meaning of the ADA pursuant to 42 U.S.C. § 12111(5) because it has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

26.

Plaintiff is an "employee" within the meaning of the ADA pursuant to 42 U.S.C. § 12111(4) because he is an individual employed by the Defendant employer.

27.

Plaintiff has a "disability" within the meaning of the ADA pursuant to 42 U.S.C. § 12102 because Plaintiff has physical or mental impairments substantially limiting one or more "major life activities," including but not limited to working, concentrating, thinking, and communicating.

28.

Plaintiff is a "qualified individual" with a disability as defined in the ADA pursuant to 42 U.S.C. § 12111(8) because Plaintiff can perform the essential functions of his employment

9 – COMPLAINT

position with Defendant's Parks of Recreation Department, with or without reasonable accommodation.

29.

Defendant knew about Plaintiff's disability at the latest after he informed Mr. White, his supervisor, about his diagnoses. Further, Defendant treated Plaintiff as having a disability based on Mr. White's suggestion that Plaintiff had PTSD and should seek counselling.  Finally, Defendant had cause to know after the panic attack incident when Plaintiff found the seasonal employee masturbating.

30.

Defendant took adverse action against Plaintiff because of his disability when:

(a)     Defendant attempted to discipline Plaintiff for an alleged action that was caused by his disability, and brought about because of the deliberate actions of Mr. White to agitate Plaintiff's disability; and

(b)     When Defendant constructively discharged Plaintiff by refusing to place him under a different supervisor after Mr. White intentionally attacked Plaintiff and triggered his disabilities.

31.

Defendant's acts were intentional and motivated, in part, by Plaintiff's disability.  Despite Plaintiff informing Defendant of his disability, Defendant allowed Mr. White to continually harass and aggravate Plaintiff disabilities; instead Defendant took adverse action against Plaintiff instead.

32.

As a direct result of Defendant's adverse actions, Plaintiff has suffered economic damages and seeks lost wages and benefits in an amount to be determined at trial, but which

10 – COMPLAINT

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735

amount is estimated to be $110,000, plus benefits.  In addition, Plaintiff seeks damages for other economic loss, any negative tax consequences and prejudgment interest.  Plaintiff further seeks the equitable remedy of reinstatement.  If reinstatement is not feasible, Plaintiff is entitled to recovery front pay and benefits in an amount to be determined at trial.

33.

As a direct result of Defendant's adverse actions, Plaintiff has suffered emotional distress and seeks compensatory damages in an amount to be proven at trial, but which is alleged to be not less than $300,000.

34.

Plaintiff is entitled to declaratory relief that Defendant has violated his rights under the ADA, and to injunctive relief requiring Defendant to provide Plaintiff reasonable accommodations for his disability.

35.

Plaintiff is also entitled to his costs, disbursements, pre and post-judgment interest, and reasonable attorneys' fees incurred herein pursuant to 42 U.S.C. § 12205.

**Count Two—Hostile Work Environment**

36.

Plaintiff realleges and incorporates all relevant paragraphs as if fully set forth herein.

37.

Defendant created and allowed a hostile work environment for Plaintiff, with at least the following:

(a) Mr. White harassed and berated Plaintiff;

(b) Mr. White taunted Plaintiff in a manner deliberately chosen to aggravate Plaintiff's disabilities;

11 – COMPLAINT

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735

(c) Mr. White attempted to prevent Plaintiff from using the restroom;

(d) Another supervisor witnessed Mr. White's harassment of Plaintiff and did nothing; and

(e) Plaintiff made efforts to prevent the issues, reported the problems, and asked for an accommodation, all of which Defendant ignored.

38.

As a direct result of Defendant's hostile work environment, Plaintiff has suffered economic damages and seeks lost wages and benefits in an amount to be determined at trial, but which amount is estimated to be $110,000, plus benefits.  In addition, Plaintiff seeks damages for other economic loss, any negative tax consequences and prejudgment interest.  Plaintiff further seeks the equitable remedy of reinstatement.  If reinstatement is not feasible, Plaintiff is entitled to recovery front pay and benefits in an amount to be determined at trial.

39.

As a direct result of Defendant's hostile work environment, Plaintiff has suffered emotional distress and seeks compensatory damages in an amount to be proven at trial, but which is alleged to be not less than $300,000.

40.

Plaintiff is entitled to declaratory relief that Defendant has violated his rights under the ADA, and to injunctive relief requiring Defendant to provide Plaintiff reasonable accommodations for his disability.

41.

Plaintiff is also entitled to his costs, disbursements, pre and post-judgment interest, and reasonable attorneys' fees incurred herein pursuant to 42 U.S.C. § 12205.

/ / /

/ / /

12 – COMPLAINT

## SECOND CLAIM FOR RELIEF

**(Failure to Accommodate in Violation of the Americans with Disabilities Act, 42 U.S.C.**

**§12101, et seq.)**

42.

Plaintiff realleges and incorporates all relevant paragraphs as if fully set forth herein.

43.

Defendant is an "employer" within the meaning of the ADA pursuant to 42 U.S.C. § 12111(5) because it has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

44.

Plaintiff is an "employee" within the meaning of the ADA pursuant to 42 U.S.C. § 12111(4) because he is an individual employed by the Defendant employer.

45.

Plaintiff has a "disability" within the meaning of the ADA pursuant to 42 U.S.C. § 12102 because Plaintiff has physical or mental impairments substantially limiting one or more "major life activities," including but not limited to working, concentrating, thinking, and communicating.

46.

Plaintiff is a "qualified individual" with a disability as defined in the ADA pursuant to 42 U.S.C. § 12111(8) because Plaintiff can perform the essential functions of his employment position with Defendant's Parks of Recreation Department, with or without reasonable accommodation.

47.

Defendant knew about Plaintiff's disability at the latest after he informed Mr. White, his

13 – COMPLAINT

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735

supervisor, about his diagnoses. Further, Defendant treated Plaintiff as having a disability based on Mr. White's suggestion that Plaintiff had PTSD and should seek counselling.  Finally, Defendant had cause to know after the panic attack incident when Plaintiff found the seasonal employee masturbating.

48.

Plaintiff informed Defendant of his need for a "reasonable accommodation," as defined in the ADA pursuant to 42 U.S.C. § 12111(9), due to Plaintiff's disability.

49.

Plaintiff reasonably requested that Defendant assign him to a different supervisor. Plaintiff was capable of completing the work for the position.

50.

Providing Plaintiff's requested accommodations would have been reasonable for Defendant to do and would not impose an undue hardship.

51.

Defendant unreasonably failed to provide the requested accommodations for Plaintiff's disability.

52.

As a result of Defendant's failure to accommodate Plaintiff's disability, Plaintiff was forced to resign his position with Defendant's Parks and Recreation Department.

53.

As a direct result of Defendant's failure to accommodate, Plaintiff has suffered economic damages and seeks lost wages and benefits in an amount to be determined at trial, but which amount is estimated to be $110,000, plus benefits.  In addition, Plaintiff seeks damages for other economic loss, any negative tax consequences and prejudgment interest.  Plaintiff further seeks

14 – COMPLAINT

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735

the equitable remedy of reinstatement.  If reinstatement is not feasible, Plaintiff is entitled to

recovery front pay and benefits in an amount to be determined at trial.

54.

As a direct result of Defendant's failure to accommodate, Plaintiff has suffered emotional

distress and seeks compensatory damages in an amount to be proven at trial, but which is alleged

to be not less than $300,000.

55.

Plaintiff is entitled to declaratory relief that Defendant has violated his rights under the

ADA, and to injunctive relief requiring Defendant to provide Plaintiff reasonable

accommodations for his disability.

56.

Plaintiff is also entitled to his costs, disbursements, pre and post-judgment interest, and

reasonable attorneys' fees incurred herein pursuant to 42 U.S.C. § 12205.

### **THIRD CLAIM FOR RELIEF**

**(Unlawful Discrimination on the Basis of Disability—ORS 659A.112)**

**Count One—Adverse Action**

57.

Plaintiff realleges and incorporates all relevant paragraphs as if fully set forth herein.

58.

Defendant is an "employer" of Plaintiff, as defined pursuant to ORS 659A.001(4).

59.

Plaintiff is an "employee" within the meaning of ORS 659A.001(3) and is employed by

Defendant.

15 – COMPLAINT

60.

Pursuant to ORS 659A.106, Defendant is subject to the employment discrimination statute ORS 659A.112 because City of Hillsboro is an employer of six or more persons.

61.

Plaintiff is a person with a "disability" as defined pursuant to ORS 659A.104 because his PTSD, depression, and Stockholm syndrome caused him impairment which substantially limits one or more "major life activities," including but not limited to working, concentrating, thinking, and communicating.

62.

Plaintiff is an otherwise qualified individual because he can perform the essential functions of his position within Defendant's Parks and Recreation Department, with or without reasonable accommodation.

63.

Defendant knew about Plaintiff's disability at the latest after he informed Mr. White, his supervisor, about his diagnoses. Further, Defendant treated Plaintiff as having a disability based on Mr. White's suggestion that Plaintiff had PTSD and should seek counselling.  Finally, Defendant had cause to know after the panic attack incident when Plaintiff found the seasonal employee masturbating.

64.

Defendant took adverse action against Plaintiff because of his disability when:

(a) Defendant attempted to discipline Plaintiff for an alleged action that was caused by his disability, and brought about because of the deliberate actions of Mr. White to agitate Plaintiff's disability; and

16 – COMPLAINT

(b) When Defendant constructively discharged Plaintiff by refusing to place him under a

different supervisor after Mr. White intentionally attacked Plaintiff and triggered his

disabilities.

65.

Defendant's acts were intentional and motivated, in part, by Plaintiff's disability.  Despite

Plaintiff informing Defendant of his disability, Defendant allowed Mr. White to continually

harass and aggravate Plaintiff disabilities; instead, Defendant took adverse action against

Plaintiff.

66.

As a direct result of Defendant's adverse actions, Plaintiff has suffered economic

damages and seeks lost wages and benefits in an amount to be determined at trial, but which

amount is estimated to be $110,000, plus benefits.  In addition, Plaintiff seeks damages for other

economic loss, any negative tax consequences and prejudgment interest.  Plaintiff further seeks

the equitable remedy of reinstatement.  If reinstatement is not feasible, Plaintiff is entitled to

recovery front pay and benefits in an amount to be determined at trial.

67.

As a direct result of Defendant's adverse actions, Plaintiff has suffered emotional distress

and seeks compensatory damages in an amount to be proven at trial, but which is alleged to be

not less than $300,000.

68.

The prevailing party is entitled to his costs, disbursements, and reasonable attorneys' fees

pursuant to ORS 659A.885(1).

/ / /

/ / /

17 – COMPLAINT

69.

Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest in the amount of 9% per annum.

## Count Two—Hostile Work Environment

70.

Plaintiff realleges and incorporates all relevant paragraphs as if fully set forth herein.

71.

Defendant created and allowed a hostile work environment for Plaintiff, with at least the following:

(a) Mr. White harassed and berated Plaintiff;

(b) Mr. White taunted Plaintiff in a manner deliberately chosen to aggravate Plaintiff's disabilities;

(c) Mr. White attempted to prevent Plaintiff from using the restroom;

(d) Another supervisor witnessed Mr. White's harassment of Plaintiff and did nothing; and

(e) Plaintiff made efforts to prevent the issues, reported the problems, and asked for an accommodation, all of which Defendant ignored.

72.

As a direct result of Defendant's hostile work environment, Plaintiff has suffered economic damages and seeks lost wages and benefits in an amount to be determined at trial, but which amount is estimated to $110,000, plus benefits.  In addition, Plaintiff seeks damages for other economic loss, any negative tax consequences and prejudgment interest.  Plaintiff further seeks the equitable remedy of reinstatement.  If reinstatement is not feasible, Plaintiff is entitled to recovery front pay and benefits in an amount to be determined at trial.

/ / /

18 – COMPLAINT

73.

As a direct result of Defendant's hostile work environment, Plaintiff has suffered

emotional distress and seeks compensatory damages in an amount to be proven at trial, but which

is alleged to be not less than $300,000.

74.

The prevailing party is entitled to his costs, disbursements, and reasonable attorneys' fees

pursuant to ORS 659A.885(1).

75.

Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest in the

amount of 9% per annum.

## FOURTH CLAIM FOR RELIEF

### (Failure to Accommodate—ORS 659A.112(2)(e))

76.

Plaintiff realleges and incorporates all relevant paragraphs as if fully set forth herein.

Defendant is an "employer" of Plaintiff, as defined pursuant to ORS 659A.001(4).

77.

Plaintiff is an "employee" within the meaning of ORS 659A.001(3) and is employed by

Defendant.

78.

Pursuant to ORS 659A.106, Defendant is subject to the employment discrimination

statute ORS 659A.112 because City of Hillsboro is an employer of six or more persons.

79.

Plaintiff is a person with a "disability" as defined pursuant to ORS 659A.104 because his

PTSD, depression, and Stockholm syndrome caused him impairment which substantially limits

19 – COMPLAINT

one or more "major life activities," including but not limited to working, concentrating, thinking, and communicating.

80.

Plaintiff is an otherwise qualified individual because he can perform the essential functions of his position within Defendant's Parks and Recreation Department, with or without reasonable accommodation.

81.

Defendant knew about Plaintiff's disability at the latest after he informed Mr. White, his supervisor, about his diagnoses. Further, Defendant treated Plaintiff as having a disability based on Mr. White's suggestion that Plaintiff had PTSD and should seek counselling.  Finally, Defendant had cause to know after the panic attack incident when Plaintiff found the seasonal employee masturbating.

82.

Plaintiff reasonably requested that he no longer work under Mr. White. Defendant denied the request and instead sought to punish Plaintiff.

83.

Defendant denied Plaintiff's request and failed to make reasonable accommodation for Plaintiff's disability.  Further, Defendant forced Plaintiff to resign because of Defendant's denial of request for accommodation.

84.

As a result of Defendant's failure to accommodate, Plaintiff suffered economic loss from this discrimination, and pursuant to ORS 659A.885, Plaintiff seeks economic damages in the form of back pay, loss of any benefits and any negative tax consequences, in an amount to be determined at trial, but estimated to be $110,000, plus benefits.  In addition, Plaintiff seeks

20 – COMPLAINT

damages for other economic loss, any negative tax consequences and prejudgment interest.  If reinstatement is not feasible, Plaintiff is entitled to recovery front pay and benefits in an amount to be determined at trial.

85.

Plaintiff suffered emotional distress and is entitled to recover non-economic damages in an amount to be determined at trial but alleged to be not less than $300,000.

86.

The prevailing party is entitled to his costs, disbursements, and reasonable attorneys' fees pursuant to ORS 659A.885(1).

87.

Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest in the amount of 9% per annum.

**FIFTH CLAIM FOR RELIEF**

**(Unlawful Retaliation – ORS 659A.030(1)(f))**

88.

Plaintiff realleges and incorporates all relevant paragraphs as if fully set forth herein.

89.

Defendant is an "employer" of Plaintiff, as defined pursuant to ORS 659A.001(4).

90.

Plaintiff is an "employee" within the meaning of ORS 659A.001(3) and is employed by Defendant.

91.

Plaintiff, in good faith, reported Defendant's and Mr. White's discrimination to his supervisors.

21 – COMPLAINT

92.

Instead of reprimanding Mr. White, or working to remedy the discrimination, Defendant retaliated against Plaintiff by reprimanding him for an alleged incident brought on by his disability, triggered by one of Defendant's employees.

93.

Further, Defendant's disciplinary action against Plaintiff was in retaliation for Plaintiff reporting of Mr. White's continuous hostile and discriminatory behavior.

94.

Defendant also retaliated against Plaintiff by constructively discharging him, as no reasonable person would continue to work in conditions that threatened their mental health that severely.

95.

As a result of Defendant's retaliation, Plaintiff suffered economic loss from this retaliation, and pursuant to ORS 659A.885, Plaintiff seeks economic damages in the form of back pay, loss of any benefits and any negative tax consequences, in an amount to be determined at trial, but estimated to be $110,000, plus benefits.  In addition, Plaintiff seeks damages for other economic loss, any negative tax consequences and prejudgment interest.

96.

As a result of Defendant's retaliation, Plaintiff suffered emotional distress and is entitled to recover non-economic damages in an amount to be determined at trial but alleged to be not less than $300,000.

97.

The prevailing party is entitled to his costs, disbursements, and reasonable attorneys' fees pursuant to ORS 659A.885(1).

22 – COMPLAINT

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735

98.

Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest in the amount of 9% per annum.

## SIXTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

99.

Plaintiff realleges and incorporates all relevant paragraphs as if fully set forth herein.

100.

Mr. White was one of Defendant's employees and Plaintiff's supervisor.

101.

During the conference room incident, Mr. White intentionally triggered Plaintiff's PTSD and intentionally triggered Plaintiff's other psychological disabilities.

102.

Mr. White's actions caused Plaintiff extreme distress, to the point that he blacked out. The stress was too much to bear and Defendant constructively discharged Plaintiff.

103.

Mr. White's actions were outrageous and constituted an extraordinary transgression the bounds of socially tolerable conduct. Mr. White knew of Plaintiff's mental and emotional difficulties and Mr. White explicitly attacked Plaintiff to trigger those difficulties. Further, Mr. White attempted to bar Plaintiff from using the restroom, instead trying to make Plaintiff wet his pants.  The parties were in a special relationship because of the employment relationship.

/ / /

/ / /

/ / /

23 – COMPLAINT

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735

104.

Defendant was aware of Mr. White's hostility and anger issues. Plaintiff had reported the incident regarding the lumber clean up where Mr. White berated Plaintiff to the point of tears and attempted to start a physical altercation.

105.

Mr. White's actions were in the course and scope of his employment and in service of his employer. Mr. White was acting as supervisor in addressing Plaintiff's handling of the water pump issue.

106.

Mr. White's acted within the scope of his employment leading to the actions that resulted in the intentionally infliction of emotional distress on Plaintiff.

107.

As a result of Mr. White's actions, Defendant is liable to Plaintiff for economic damages in the form of lost pay and back wages. These damages will be proven at trial but are estimated at $110,000, plus benefits.  In addition, Plaintiff seeks damages for other economic loss, any negative tax consequences and prejudgment interest.

108.

As a result of Mr. White's actions, Defendant is liable to Plaintiff for non-economic damages in the form of mental anguish, stress, emotional damage, and damage to his reputation. These damages will be proven at trial but are estimated at $300,000.00.

109.

Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest in the amount of 9% per annum.

/ / /

24 – COMPLAINT

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

WHEREFORE, Plaintiff prays for relief as set forth in this Complaint, together with such other relief that the Court finds just and equitable.

DATED this 16th day of May, 2018.

GRIGGS LAW GROUP, P.C.

By:    /s/David H. Griggs
       David H. Griggs, OSB No. 982436
       e-mail: david@griggslawpc.com
       4900 SW Griffith Dr., Ste. 165
       Beaverton, OR 97005
       Telephone:  (971) 228-8110
       Fax:  (971) 327-6735
       Trial Attorney:  David H. Griggs

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Phone: (971) 228-8110
Fax: (971) 327-6735